IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>PRO COM ROOFING & CONSTRUCTION<br>SERVICES CORPORATION<br>D/B/A PRO COM ROOFING CORPORATION,<br>WALTER MURPHY, AND<br>ROBERT HARRINGTON,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 21-cv-3001<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Pro Com Roofing and Construction Services Corporation, a Pennsylvania corporation, d/b/a Pro Com Roofing Corporation, Walter Murphy, individually and as owner, manager, and president of said company, and Robert Harrington, individually and as owner, manager, and vice president of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 12, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.  Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Pro Com Roofing and Construction Services Corporation ("Pro Com") is a corporation duly organized under the laws of the Commonwealth of Pennsylvania. Pro Com's registered address and principal place of business is 374 Easton Road, Warrington, PA 18976, within the jurisdiction of this Court. Pro Com is engaged in construction, primarily roofing services, operating out of this same location, within the jurisdiction of this Court.

3. Defendant Walter Murphy is an owner and president of Pro Com. Mr. Murphy directed employment practices and has directly or indirectly acted in the interest of Pro Com in relation to its employees at all relevant times herein, including interviewing, hiring, and setting pay rates for employees, and setting the conditions of employment for employees. Mr. Murphy resides within the jurisdiction of this Court.

4. Defendant Robert Harrington is the corporate vice president of Pro Com. Mr. Harrington directed employment practices and has directly or indirectly acted in the interest of Pro Com in relation to its employees at all relevant times herein, including interviewing, hiring, and setting pay rates for employees, and setting the conditions of employment for employees. Mr. Harrington resides within the jurisdiction of this Court.

5. Defendants employ persons in construction, which affects commerce per Section 2(a)(5) of the Act. Pro Com's employees employed as roofers and provide construction services for Pro Com's clients.

6. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates.

Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

7. For example, during the time period March 12, 2018 to March 7, 2021, Defendants failed to compensate certain of their employees employed as roofers and construction workers ("employees") who worked over 40 hours in a workweek hours at rates no less than one and one-half times their regular rates for hours worked over 40 per workweek. During this time period, these employees worked at least one hour in excess of 40 per workweek. During this time period, Defendants payroll and hours records show employees regularly working more than 40 hours per workweek.

8. Defendants paid employees at established regular hourly rates that differed depending on whether the employees were working on government contracts or private contracts. Defendants paid employees more than the minimum wage of $7.25 per hour, but paid employees at their straight time rate for all hours worked, including overtime hours. Defendants payroll records show that Defendants paid employees their straight-time hourly rates for all hours worked and did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

9. Although Defendants paid employees different rates depending on whether the employees were working on government contracts or non-government jobs, Defendants did not combine these rates to compute overtime premiums because they did not pay any overtime premiums.

10. Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. Defendants kept two sets of time and payroll records, paying weekday hours with payroll checks,

but paying any weekend hours, which were often overtime hours, with separate non-payroll checks. When Wage and Hour requested Defendants' payroll records, they initially provided only the weekday records. Defendants admitted that they knew about the requirement to pay overtime premiums but instead chose to pay straight time for overtime.

11. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

12. For example, by keeping two sets of time and payroll records, Defendants concealed the fact that employees worked overtime hours. In so doing, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' regular hourly rates of pay, daily and weekly hours worked, total weekly straight-time earnings, and total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a), 516.5(a).

13. Defendants employed minors under 16 years of age in occupations declared as hazardous by the Secretary of Labor, or in construction, in violation of Regulation 3, 29 C.F.R. § 570. Defendants also employed minors between 16 and 18 years of age in the hazardous occupation of operating power-driven woodworking machines in violation of Hazardous Order 5, 29 C.F.R. § 570.55. Further, Defendants employed minors in hazardous occupations, including occupations in roofing and on or about a roof in violation of Hazardous Order 16, 29 C.F.R. § 570.67.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 12, 15(a)(2) and 15(a)(5) of the Act;

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least March 12, 2018 to March 7, 2021, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after March 7, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3)     For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees;

(4)     In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

(5)     For an injunction issued pursuant to Section 12 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from employing any employees working at Pro Com, at any business location

owned, operated, and/or controlled by defendants, or at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, in oppressive child labor within the meaning of the Act as prescribed by regulations issued pursuant to Section 12 and 15(a)(4) of the Act and found at 29 C.F.R. § 570. Specifically:

    a.    Defendants shall not employ minors under 16 years of age in occupations declared as hazardous by the Secretary of Labor, or in construction, in violation of Regulation 3, 29 C.F.R. § 570.

    b.    Defendants shall not employ minors between 16 and 18 years of age in the hazardous occupation of operating power-driven woodworking machines in violation of Hazardous Order 5, 29 C.F.R. § 570.55.

    c.    Defendants shall not employ minors in hazardous occupations, including occupations in roofing and on or about a roof in violation of Hazardous Order 16, 29 C.F.R. § 570.67.

    d.    Defendants shall otherwise comply with Section 12 of the Act and with all applicable regulations.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Elena Goldstein<br>Acting Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5128 (voice)<br>(215) 861-5162 (fax) | */s/ Andrea Luby*<br>By: Brian P. Krier<br>PA ID # 321609 |
| luby.andrea@dol.gov | Attorneys for Plaintiff |
| Date: July 6, 2021 | |